FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 20  PM 12: 12

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE GAYNOR, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2038** |
| **DEPUTY BAKER IN CCC, CHARLES C. FOTI, SHERIFF HUNTER** | **SECTION "D"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), 1915e(2), and 1915A, and as applicable, 42 U.S.C. §§ 1997e(c)(1) and (2). On October 28, 2004, the undersigned conducted a hearing pursuant to *Spears v. McCotter*[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2] Upon review of the record, the Court determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* hearing is ascertaining what the prisoner alleges occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 11. The plaintiff was sworn prior to testifying. The cassette tapes of the hearings are in the custody of the Court Recording Unit.



I.  **Factual Summary**

The Court previously issued a Partial Report and Recommendation in this case.[3] A complete recitation of the facts taken from the complaint and the *Spears* hearing is contained in the prior Report and is adopted herein by reference. A brief summary of those facts follow.

The plaintiff, George Gaynor, Jr. ("Gaynor"), was an inmate incarcerated in the Orleans Parish Prison in New Orleans, Louisiana. Gaynor filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Deputy Baker, former Orleans Parish Criminal Sheriff Charles C. Foti, Jr., former Acting Orleans Parish Criminal Sheriff William Hunter, and the Orleans Parish Prison seeking to recover damages for the alleged use of excessive force by Baker.

Gaynor alleged that, on June 1, 2004, he walked out of his cell to ask Deputy Baker for a mop because his cell was flooded with water. Gaynor claims that Baker cursed at him using racial slurs. Gaynor further alleged that Baker grabbed him and pushed him into the cell causing him to slip in the water and hit his head on the wall. Gaynor claimed that he complained to Baker that he was hurt and wanted to see a doctor. However, Baker allegedly cursed him again and left the tier.

Gaynor indicated that he later sought medical treatment and was prescribed pain medication. Gaynor seeks monetary damages for his pain and suffering.

II.  **Procedural Background**

After the *Spears* hearing, the undersigned Magistrate Judge issued a Partial Report and Recommendation recommending dismissal of Gaynor's § 1983 claims against Sheriff Foti, Sheriff Hunter, and the Orleans Parish Prison as frivolous and also for failing to state a claim for which

---

[3]Rec. Doc. No. 12.

relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(c).[4] The Court also recommended that Gaynor's § 1983 claims of excessive force and medical indifference against Deputy Baker be allowed to proceed for further consideration. These recommendations were adopted by the District Judge by an order entered March 29, 2005.[5]

Thereafter, the undersigned set a Scheduling Conference pursuant to Federal Rule of Civil Procedure 16 for June 20, 2005.[6] The Clerk of Court mailed the order to the plaintiff at the Templeman Jail within the Orleans Parish Prison system. The envelope containing the order was returned to the Court as undeliverable because Gaynor was released from prison and provided no forwarding address.[7]

The Court then issued an order on July 14, 2005, directing Gaynor to show cause why the claims against Baker should not be dismissed for failure to prosecute.[8] The Clerk of Court again mailed the order to the plaintiff at the Templeman Jail because no other address was ever provided. The envelope containing that order was also returned to the Court as undeliverable.[9]

The plaintiff never responded to the Court's prior orders. He did not otherwise contact the Court regarding his case since the *Spears* hearing on October 28, 2004.

---

[4] Rec. Doc. No. 12.

[5] Rec. Doc. No. 13.

[6] Rec. Doc. No. 11.

[7] Rec. Doc. Nos. 15, 16.

[8] Rec. Doc. No. 16.

[9] Rec. Doc. No. 17.

**III.     Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failing to prosecute or for failing to comply with the Federal Rules of Civil Procedure or any order of the court. FED. RULE CIV. P. 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts traditionally consider the extent to which the plaintiff, rather than his counsel, is responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, Gaynor is without counsel and is responsible for the prosecution of his case.

The record shows that the Court set a Scheduling Conference, the notice of which was returned as undeliverable because Gaynor failed to provide the Court with his address when he was released from prison. Gaynor also never contacted the Court since the *Spears* hearing on October 28, 2004.

The complaint Gaynor signed and submitted on July 14, 2004, stated that "if I am released . . . it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in the action being dismissed with prejudice."[10] The Local Rules of this Court also require that a plaintiff provide the Court with a current address or face dismissal of the case. L.R. 41.3.1E. Gaynor never informed the Court of an appropriate address or means of contacting him. Accordingly, dismissal of Gaynor's remaining claims against Deputy Baker is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

---

[10] Rec. Doc. No. 1.

## IV. Recommendation

It is therefore **RECOMMENDED** that Gaynor's 42 U.S.C. § 1983 claims of excessive force and medical indifference against Deputy Baker be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Houston, Texas, this 17th day of October, 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE